

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 9, 1948

Hon. K. L. Berry
Adjutant General
Capitol Station
Austin, Texas

Opinion No. V-679.

Re: The legality of the pay-
ment of a personal injury
claim of a National Guards-
man from funds appropriated
to the Adjutant General's
Department.

Dear Sir:

Your request for opinion and correspondence at-
tached thereto show that William C. Lynch, a member of
the Texas National Guard, was injured while playing soft-
ball with a National Guard softball team during a Memorial
Day celebration on May 30, 1948. His medical and hospital
bills amount to the sum of $348.50.

Your questions are as follows:

"(1) Is payment of claim set forth in
basic letter a legal expenditure from funds
appropriated to the Adjutant General's De-
partment under item 114 of the Adjutant Gen-
eral's appropriation for Fiscal Year 1948?

"(2) In the event the answer to ques-
tion No. 1 is in the affirmative, can other
outstanding claims of similar nature, which,
if presented and approved, will exceed the
balance left in the amount of the present ap-
propriation, be legally paid, and if so how
can payment be made?"

We are of the opinion that the above claim can-
not be paid from funds appropriated to your department.
Item 114 of the current appropriation for the Adjutant
General's Department provides:

"General maintenance, traveling expenses,
bond premiums, laundering and reconditioning
of property, including transportation there-
of, medical and hospital services for troops

sick or injured in line of duty, extra help and other necessary expenses - - $50,000.00."

The statute which authorized that part of the above appropriation pertaining to medical and hospital services for the National Guard is Article 5845, V.C.S., and reads as follows:

"Every member of the military forces of this State who shall be wounded or disabled while in the service of this State, in cases of riot, tumult, breach of the peace, resistance to process, invasion, insurrection, or imminent danger thereof, or whenever called upon in aid of the civil authorities, shall be taken care of and provided for at the expense of this State."

A study of the above statute leads to the conclusion that before the State is liable for any injury incurred by a National Guardsman, such injury must be incurred under one of the circumstances above set out. In other words, the rule of expressio unius (the expression of one thing is the exclusion of another) applies. Since the injury sustained in the instant case was not sustained under any of the circumstances enumerated in Article 5845, we cannot see how the claim can be legally paid by the State.

Article 5845, together with the appropriation bill, requires that an injury or wound must not only be incurred in line of duty, but must be incurred in one of several enumerated circumstances. The situation under consideration does not come within any of these enumerated circumstances.

Since we have answered your first question in the negative, it is unnecessary to answer your second question.

## SUMMARY

There being no statutory authority, the State of Texas may not pay for the medical and hospital services of a National Guardsman injured while participating in an athletic contest as a member of the Guard Team, such Guardsman not being in the active service of the State at the time in response to riot, tumult, breach

of peace, resistance, invasion, insurrec-
tion or aid to civil authorities (Art. 5845,
V. C. S.).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Clinton Foshee*

Clinton Foshee,
Assistant.


APPROVED:

*Joe R. Greenhill*

ACTING ATTORNEY GENERAL.

CF:jmc